[Cite as *State v. Mock*, 2017-Ohio-8866.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 105060

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CLIFFORD D. MOCK

DEFENDANT-APPELLANT

### JUDGMENT:
### AFFIRMED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-593123-A

**BEFORE:** Celebrezze, J., Kilbane, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** December 7, 2017

**ATTORNEY FOR APPELLANT**

Brian A. Smith
Brian A. Smith, Attorney at Law
755 White Pond Drive, Suite 403
Akron, Ohio 44320


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:    Khalilah A. Lawson
         Gregory J. Ochocki
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Defendant-appellant, Clifford Mock ("appellant"), brings the instant appeal challenging the trial court's sentence for aggravated vehicular assault and driving under the influence of alcohol or drugs. Specifically, appellant argues that the trial court's three-year prison sentence is not supported by the record. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶2} On January 18, 2015, appellant was involved in a motor vehicle accident on Interstate 90. Appellant's passenger ("victim") was seriously injured during the accident. Appellant refused to submit to a chemical test for alcohol or drugs following the accident.

{¶3} In Cuyahoga C.P. No. CR-15-593123-A, the Cuyahoga County Grand Jury returned a three-count indictment charging appellant with (1) aggravated vehicular assault, a second-degree felony in violation of R.C. 2903.08(A)(1)(a), with a furthermore specification alleging that appellant was driving under suspension at the time of the offense; (2) aggravated vehicular assault, a third-degree felony in violation of R.C. 2903.08(A)(2)(b), with a furthermore specification alleging that appellant was driving under suspension; and (3) driving under the influence, a first-degree misdemeanor in violation of R.C. 4511.19(A)(1)(a). Appellant was arraigned on March 10, 2015; he pled not guilty to the indictment.

{¶4} The parties reached a plea agreement. On July 27, 2015, appellant pled guilty to Counts 2 and 3 as charged in the indictment. Count 1 was nolled. The trial court referred appellant to the probation department for a presentence investigation report ("PSI") and set the matter for sentencing.

{¶5} The trial court held a sentencing hearing on August 25, 2015.[1] The trial court imposed a prison term of three years on Count 2 and a six-month prison term on Count 3. The trial court ordered the counts to run concurrently.

{¶6} On October 11, 2016, appellant, acting pro se, filed an appeal challenging the trial court's sentence. This court appointed appellate counsel to represent appellant on November 4, 2016. Appellant assigns one error for review:

> I. The record does not support the imposition of the three-year prison sentence upon [a]ppellant.

## II. Law and Analysis

{¶7} In his sole assignment of error, appellant argues that the trial court's three-year prison sentence is not supported by the record.

{¶8} We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court may increase, reduce, or modify a sentence, or it may vacate and remand

---

[1] During this sentencing hearing, the trial court also sentenced appellant in Cuyahoga C.P. No. CR-15-595911-A, in which appellant pled guilty to aggravated assault, a fourth-degree felony in violation of R.C. 2903.12(A)(1), and domestic violence, a first-degree misdemeanor in violation of R.C. 2919.25(A).

the matter for resentencing, only if we clearly and convincingly find that either the record does not support the sentencing court's statutory findings or the sentence is contrary to law. *State v. Martin*, 8th Dist. Cuyahoga No. 104354, 2017-Ohio-99, ¶ 7. A sentence is contrary to law if the sentence falls outside the statutory range for the particular degree of offense or the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12. *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 10, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 13.

{¶9} In the instant matter, appellant contends that the trial court failed to consider the following mitigating factors in imposing a three-year prison sentence:[2] (1) appellant showed remorse for his conduct, (2) appellant has a history of alcohol abuse, and (3) appellant has mental health issues.

{¶10} Appellant, his mother, and his aunt discussed appellant's substance abuse issues during the sentencing hearing. Appellant's mother appeared to request that appellant be ordered to complete a treatment program for alcohol abuse. She explained that she wants somebody to help appellant and fears that appellant will either die or kill another person if he continues to drink the way he does. Appellant's aunt requested that appellant receive treatment for his alcoholism and opined that "[j]ail is not the answer." (Tr. 42.) She explained that appellant has been to prison before and that he continues to

---

[2] Appellant appears to challenge the trial court's consideration of the R.C. 2929.11 and 2929.12 sentencing factors that govern felony sentencing, rather than the court's consideration of R.C. 2929.21 and 2929.22 that govern misdemeanor sentencing.

drink upon his release because "he's not getting help for the things that he need[s]." (Tr. 42.) She asserted that appellant's conduct in relation to the accident was neither malicious nor intentional.

{¶11} Appellant spoke on his own behalf during the sentencing hearing. He explained that he and the victim had been drinking on the night of the accident, but he acknowledged that it was not an excuse for his conduct. He stated that he does not remember being in the car or driving on the highway on the night of the accident. Appellant asserted that he needs help for his alcohol and drug abuse: "I need help for alcohol and drugs. * * * I just can't take like one drink and then stop. Once I drink, I drink until I pass out. I don't remember nothing." (Tr. 67.)

{¶12} Appellant stated that he tried to get help for his substance abuse issues. He asserted that he went to University Hospitals on four occasions to seek treatment, but every time he went there, they sent him to the psych ward at St. Vincent's Charity Hospital. Appellant explained that his probation officer sent him to an outpatient treatment program and that he was going to two Alcoholics Anonymous meetings per week before the accident.

{¶13} Regarding appellant's mental health issues, appellant's mother indicated that on one occasion when appellant went to University Hospitals, hospital personnel told her that appellant was suicidal and suffering from depression. Appellant's aunt also stated that appellant suffers from depression.

{¶14} Defense counsel stated that he has known appellant for a couple of years,

and opined that appellant has "a lot of undiagnosed and untreated mental health issues" that need to be addressed. (Tr. 32-33.) Counsel explained that appellant "does not speak a lot" and "[d]oes not articulate a lot in connection with the case." (Tr. 33.) Defense counsel asked the court to consider ordering appellant to complete treatment to address his issues. The attorney representing appellant in the domestic violence case asserted that appellant is "a man of few words" and opined that appellant "has been suffering from depression since he's been in jail." (Tr. 34.)

{¶15} After reviewing the record, we find that the trial court's sentence is not contrary to law. The trial court's sentence on the aggravated vehicular assault count is within the permissible statutory range under R.C. 2929.14(A)(3)(a). The trial court's sentence on the driving under the influence count is within the permissible statutory range under R.C. 2929.24(A)(1). The trial court's sentencing journal entry provides, in relevant part, "the court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11." Aside from this notation in the sentencing entry, the record reflects that the trial court did, in fact, consider all the relevant R.C. 2929.11 and 2929.12 sentencing factors — including the mitigating factors presented by appellant.

{¶16} The trial court indicated that it reviewed appellant's PSI and confirmed that the prosecution and appellant's counsel reviewed the report. Appellant's criminal history included convictions for drug trafficking and having weapons while under

disability;[3] obstructing official business, resisting arrest, domestic violence, aggravated menacing, and criminal damaging;[4] and drug possession.[5]

**{¶17}** The trial court indicated that it considered the statements of appellant's attorneys, appellant's family members, appellant, the victim's family members, and the prosecution. The trial court considered that appellant did not intentionally injure the victim. However, the trial court considered the severity of the injuries that the victim sustained in the car accident. The trial court emphasized that appellant was fortunate that the victim's injuries were not fatal.

**{¶18}** Finally, contrary to appellant's assertion, the record reflects that the trial court considered the relevant mitigating factors. First, the trial court considered that appellant showed remorse for his conduct. After appellant apologized to the victim and the trial court, the trial court suggested that appellant "turn around and apologize to [the victim's family directly]." (Tr. 64.)

**{¶19}** Second, the trial court considered appellant's history of alcohol-related issues. The trial court inquired about appellant's progress with the twelve steps. The court explained that appellant had been given tools to address his substance abuse issues, but failed to take advantage of these opportunities. The trial court explained that appellant made the decision to drink on the night of the car accident. The trial court

---

[3] Cuyahoga C.P. No. CR-11-554347-A.

[4] Cuyahoga C.P. No. CR-09-530187-A.

[5] Cuyahoga C.P. Nos. CR-09-528299-A and CR-06-487547-A.

emphasized that appellant has to "accept and take responsibility for [his] life" and that he has to stop making excuses and deal with his alcohol issues.

**{¶20}** Third, the trial court considered the statements about appellant's mental health. After hearing the statements from appellant's attorneys and family members, the trial court explained, "I don't necessarily disagree that [appellant] may benefit from some mental health treatment." (Tr. 45.) However, the court acknowledged that its options for imposing a sentence were "limited" because appellant pled guilty to a high-tier felony of the third-degree. The trial court stated that appellant needs to "take responsibility on his own" and take advantage of the mental health treatment and programs offered in prison. (Tr. 44.)

**{¶21}** To the extent that appellant disagrees with the weight that the trial court afforded to these relevant mitigating factors, such a determination lies within the sound discretion of the trial court. *State v. Switzer*, 8th Dist. Cuyahoga No. 102175, 2015-Ohio-2954, ¶ 12, citing *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). *Accord State v. Stovall*, 8th Dist. Cuyahoga No. 104787, 2017-Ohio-2661, ¶ 31. Appellant's sentence is not contrary to law simply because he disagrees with the way in which the trial court weighed the factors under R.C. 2929.11 and 2929.12 and applied these factors in crafting an appropriate sentence. *See State v. Ledbetter*, 8th Dist. Cuyahoga No. 104077, 2017-Ohio-89, ¶ 11.

**{¶22}** Based on the foregoing analysis, we find that the trial court's sentence is not contrary to law. The sentence is within the permissible statutory ranges and the record

reflects that the trial court considered the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. Accordingly, appellant's sole assignment of error is overruled.

{¶23} Although appellant does not raise the issue on appeal, we find that the trial court's sentencing journal entry is inconsistent with the sentence imposed in open court during the sentencing hearing. During the sentencing hearing, the trial court sentenced appellant to a prison term of three years on the aggravated vehicular assault count and ten days in jail on the driving under the influence count. The trial court's sentencing journal entry provides, in relevant part, "the court imposes a prison sentence at the Lorain Correctional Institution of 3 year(s). A 3 year prision [sic] sentence is imposed on Count 2, to run concuurent [sic] with a 6 month sentence on Count 3."

{¶24} It is well established that a court speaks through its journal entries. *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 12. However, a trial court may correct clerical errors at any time in order to conform to the transcript of the proceedings. *State v. Lugo*, 8th Dist. Cuyahoga No. 103893, 2016-Ohio-2647, ¶ 3, citing *State v. Steinke*, 8th Dist. Cuyahoga No. 81785, 2003-Ohio-3527, ¶ 47; Crim.R. 36. Trial courts retain continuing jurisdiction to correct clerical errors in judgments with a nunc pro tunc entry to reflect what the court actually decided. *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19.

{¶25} Because the trial court's sentencing journal entry is inconsistent with the sentence imposed in open court, we remand the matter to the trial court for the limited

purpose of issuing a nunc pro tunc journal entry that accurately reflects the sentence imposed at the sentencing hearing.

### III. Conclusion

**{¶26}** After thoroughly reviewing the record, we affirm the trial court's sentence. The trial court's sentence is not contrary to law.

**{¶27}** Judgment affirmed; the matter is remanded to the trial court for the limited purpose of issuing a nunc pro tunc journal entry that accurately reflects the sentence imposed at the sentencing hearing.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  The defendant's conviction having been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for the issuance of a nunc pro tunc journal entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MARY EILEEN KILBANE, P.J., and
MARY J. BOYLE, J., CONCUR