[Cite as *State v. Nelson*, 2019-Ohio-530.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 106858

---

### STATE OF OHIO

#### PLAINTIFF-APPELLEE

vs.

### LASHAUN NELSON

#### DEFENDANT-APPELLANT

---

### JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-16-612618-A, CR-17-615226-A, and CR-17-617178-A

**BEFORE:** Celebrezze, J., Boyle, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** February 14, 2019

**ATTORNEY FOR APPELLANT**

Joseph V. Pagano
P.O. Box 16869
Rocky River, Ohio 44116


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:    Nathaniel Tosi
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


FRANK D. CELEBREZZE, JR., J.:

{¶1} Defendant-appellant, LaShaun Nelson ("appellant"), brings this appeal challenging the trial court's imposition of consecutive sentences.   Specifically, appellant argues that the trial court's consecutive sentence findings were not supported by the record.   After a thorough review of the record and law, this court affirms.

## I.   Factual and Procedural History

{¶2} The instant appeal arose from the sentences the trial court imposed in three criminal cases.   Appellant was charged in the three criminal cases for various offenses he committed against his ex-girlfriend, A.F. (hereinafter "victim"), with whom appellant has a son.

{¶3} First, in Cuyahoga C.P. No. CR-17-617178-A, appellant pled guilty to violating a protection order, a third-degree felony in violation of R.C. 2919.27(A)(1), and criminal damaging, a second-degree misdemeanor in violation of R.C. 2909.06(A)(1).   On January 25, 2018, the trial court sentenced appellant to a prison term of two years:   two years on the

violating a protection order count and 30 days on the criminal damaging count. The court ordered the counts to run concurrently to one another.

{¶4} Second, in Cuyahoga C.P. No. CR-16-612618-A, appellant pled guilty to menacing by stalking, a fourth-degree felony in violation of R.C. 2903.211(A)(1), and attempted disrupting public services, a fifth-degree felony in violation of R.C. 2923.02 and 2909.04(A)(1). The trial court sentenced appellant to a prison term of one year: one year on the menacing by stalking count and nine months on the attempted disrupting public services count. The trial court ordered the counts to run concurrently to one another.

{¶5} Third, in Cuyahoga C.P. No. CR-17-615226-A, appellant pled guilty to burglary, a second-degree felony in violation of R.C. 2911.12(A)(1). The trial court sentenced appellant to a prison term of three years.

{¶6} The trial court ordered the three-year sentence in CR-17-615226 to run concurrently with the one-year sentence in CR-16-612618, and consecutively to the two-year sentence in CR-17-617178, for an aggregate prison sentence in all three criminal cases of five years. On February 23, 2018, appellant filed the instant appeal challenging the five-year sentence. He assigns one error for review:

> I. Appellant's sentence is contrary to law because the record does not support the imposition of consecutive sentences.

## II. Law and Analysis

### A. Consecutive Sentences

{¶7} In his sole assignment of error, appellant argues that the trial court erred in imposing consecutive sentences.

**{¶8}** We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court may overturn the imposition of consecutive sentences where the court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or (2) "the sentence is otherwise contrary to law."

**{¶9}** R.C. 2929.14(C)(4) provides that in order to impose consecutive sentences, the trial court must find that consecutive sentences are (1) necessary to protect the public from future crime or to punish the offender, (2) that such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public, and (3) that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶10}** Compliance with R.C. 2929.14(C)(4) requires the trial court to make the statutory findings at the sentencing hearing, which means that "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d

659, ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999). Further, the reviewing court must be able to discern that the record contains evidence to support the findings. *State v. Davis*, 8th Dist. Cuyahoga No. 102639, 2015-Ohio-4501, ¶ 21, citing *Bonnell* at ¶ 29. A trial court is not, however, required to state its reasons to support its findings, nor is it required to give a rote recitation of the statutory language, "provided that the necessary findings can be found in the record and are incorporated in the sentencing entry." *Bonnell* at ¶ 37.

**{¶11}** In the instant matter, the record reflects that the trial court made the appropriate consecutive sentence findings during the sentencing hearing. In making the first and second findings, the trial court stated, "[t]he Court further finds that consecutive sentences is necessary to protect the public from future crime and/or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to his family and the public." (Tr. 39.)

**{¶12}** In making the third finding, the trial court determined that R.C. 2929.14(C)(4)(a), (b), and (c) applied. Specifically, the trial court stated,

> The Court also finds that while the defendant was awaiting trial in case number 612618 the defendant committed the offense in case number 617178. Furthermore, as part — excuse me. Furthermore, the Court finds that at least two of the multiple offenses were committed as part of one or more courses of conduct.
>
> The Court has looked at the defendant's record and sees where the defendant has multiple domestic violence offenses against the same victim. The Court notes that the harm caused by these multiple offenses committed was so great or unusual and that no single prison term for any of the offenses committed as part of or any of the courses of conduct adequately reflects the seriousness of the offender's conduct. The Court also looks at and takes judicial notice of the offender's criminal history as well.
>
> With that being said, the Court imposes consecutive sentences.

(Tr. 40.)

{¶13} Appellant concedes that the trial court made the requisite consecutive sentence findings pursuant to R.C. 2929.14(C)(4). Nevertheless, he argues that the trial court's findings are not supported by the record. We disagree.

{¶14} The victim advised the trial court that appellant has put her and her children through "a lot" over the past four years. (Tr. 30.) She implied that appellant jeopardized the safety and mental well-being of the children. The victim confirmed that she had been injured by appellant's conduct. She explained that although appellant is a good father, "his anger took over[.]" (Tr. 31.) Finally, the victim informed the trial court that her children participate in counseling, and her 12-year-old daughter fears that appellant will kill the victim one day. (Tr. 32.)

{¶15} Appellant's presentence investigation report reflects that appellant made multiple serious threats to the victim — both of physical harm and harm to the victim's property. The presentence investigation report's "offense summary" regarding appellant's conduct for which he was charged in CR-17-615226 reflects that in addition to breaking into the victim's house and threatening the victim, appellant also threatened the victim's 11-year-old nephew and 11-year-old daughter.

{¶16} The prosecutor stated that although appellant was in jail and aware of the no contact order the victim obtained against him — pursuant to which he was prohibited from contacting her — appellant continued writing letters to the victim. The prosecutor explained that the victim is "genuinely scared" of appellant and fears that even if she moves, he will follow and/or find her. The prosecutor recommended that the trial court impose a prison sentence to protect the victim, notwithstanding appellant's mental health issues. Aside from the fact that all three criminal cases at issue in this appeal involve offenses that appellant committed against the

victim, appellant confirmed that he also has convictions for domestic violence involving the victim, both in 2014 and 2015.   (Tr. 36.)

{¶17} Finally, appellant appears to argue that although the trial court made the requisite consecutive sentence findings, the court "did not adequately explain" the reasons in support of its findings.   Appellant's brief at 15.   Appellant's argument is misplaced.   As noted above, a trial court is not required to state its reasons or an explanation in support of its R.C. 2929.14(C)(4) findings.   *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 37.

{¶18} For all of the foregoing reasons, we conclude that the trial court made the appropriate consecutive sentence findings, and the record clearly reflects that the trial court engaged in the correct analysis required under R.C. 2929.14(C)(4).   *See State v. Hart*, 8th Dist. Cuyahoga No. 104387, 2017-Ohio-290, ¶ 7.   Furthermore, we cannot clearly and convincingly find that the record does not support the trial court's findings.   Finally, the trial court incorporated its consecutive sentence findings into its sentencing journal entries.   Accordingly, the trial court did not err in imposing consecutive sentences.

### B.   R.C. 2929.11 and 2929.12

{¶19} Although appellant primarily focuses on the trial court's imposition of consecutive sentences, he appears to argue, as an alternative basis for modifying his sentence, that the five-year prison sentence is contrary to law because the trial court failed to consider the principles and purposes of felony sentencing set forth in R.C. 2929.11, and the seriousness and recidivism factors set forth in R.C. 2929.12.

{¶20} Specifically, appellant contends that the five-year prison sentence "is beyond what is necessary to protect the public and punish [him]," and "in excess of what is necessary to incapacitate [him], deter him from committing future crime and to rehabilitate him."

Appellant's brief at 12, 14. He further argues that the five-year prison sentence "does not serve the purposes of felony sentencing and is in excess of what is necessary to punish [him] and protect society." Appellant's brief at 17.

**{¶21}** A sentence is contrary to law if the sentence falls outside the statutory range for the particular degree of offense or the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11, and the seriousness and recidivism factors set forth in R.C. 2929.12. *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 10, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 13. Unlike R.C. 2929.14(C)(4), governing consecutive sentences, R.C. 2929.11 and 2929.12 are not fact-finding statutes. *State v. Wenmoth*, 8th Dist. Cuyahoga No. 103520, 2016-Ohio-5135, ¶ 16.

**{¶22}** Although the trial court must consider the principles and purposes of sentencing, as well as any mitigating factors, the court is not required to use particular language nor make specific findings on the record regarding its consideration of those factors. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31; *State v. Jones*, 8th Dist. Cuyahoga No. 99759, 2014-Ohio-29, ¶ 13. In fact, unless the defendant affirmatively shows otherwise, it is presumed that the trial court considered the relevant sentencing factors under R.C. 2929.11 and 2929.12. *State v. Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234, ¶ 11. This court has held that a trial court's statement in its sentencing journal entry that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under R.C. 2929.11 and 2929.12. *State v. Paulino*, 8th Dist. Cuyahoga No. 104198, 2017-Ohio-15, ¶ 37.

**{¶23}** In the instant matter, the trial court's sentences are within the permissible statutory ranges set forth in R.C. 2929.14(A) and 2929.24(A)(2), governing second-degree misdemeanors. The trial court's sentencing journal entries provide, in relevant part, "[t]he court considered all

required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11." Aside from the trial court's notation in the sentencing entries, the record reflects that the trial court did, in fact, consider both R.C. 2929.11 and 2929.12 when sentencing appellant.

**{¶24}** During the sentencing hearing, the trial court indicated that it considered the statements made by defense counsel, appellant, the prosecutor, and the victim, appellant's presentence investigation report, and the reintegration plan prepared by the mental health department. The trial court stated,

> After consideration of the record, the oral statements made today, looking at the presentence investigation report, purposes and principles of sentencing under Ohio Revised Code section 2929.11, the seriousness and recidivism factors relevant to the offense and offender pursuant to Revised Code Section 2929.12, and the need for deterrence, incapacitation, rehabilitation, and restitution, the Court finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender's not amenable to an available community control sanction.
>
> Furthermore, this Court has considered the factors set forth in 2929.12 and finds that a prison term is commensurate with the seriousness of the defendant's conduct, his contact with the victims, and that it's reasonably necessary to deter the defendant or to protect the public from future crimes and would not place an unnecessary burden on government resources.

(Tr. 38-39.)

**{¶25}** Based on the foregoing analysis, we find that the trial court's five-year prison sentence is not contrary to law. The sentences on the counts to which appellant pled guilty are within the permissible statutory ranges, and the trial court considered the principles and purposes of felony sentencing set forth in R.C. 2929.11, and the seriousness and recidivism factors set forth in R.C. 2929.12. Appellant's sentence is not contrary to law simply because he disagrees with the way in which the trial court weighed the R.C. 2929.11 and 2929.12 factors and applied

these factors in crafting an appropriate sentence. *See State v. Mock*, 8th Dist. Cuyahoga No. 105060, 2017-Ohio-8866, ¶ 21.

{¶26} For all of the foregoing reasons, appellant's sole assignment of error is overruled.

### III. Conclusion

{¶27} After thoroughly reviewing the record, we affirm appellant's aggregate five-year prison sentence. The trial court did not err in imposing consecutive sentences, and appellant's sentence is not contrary to law.

{¶28} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

LARRY A. JONES, SR., J., CONCURS;
MARY J. BOYLE, P.J., CONCURS IN JUDGMENT ONLY