[Cite as *State v. Reindl*, 2021-Ohio-2586.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                  :

    Plaintiff-Appellee,                   :
                            Nos. 109806, 109807, and 109808

    v.                                          :

ALISIA REINDL,                                  :

    Defendant-Appellant.                  :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 29, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-16-612698-A, CR-19-647147-A, and CR-20-648297-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Ayoub Dakdouk, Assistant Prosecuting Attorney, *for appellee.*

Matthew E. Steratore, *for appellant.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendant-appellant, Alisia Reindl ("Reindl"), appeals from the trial court's imposition of consecutive sentences. She raises the following assignment of error for review:

The record in this case does not support the sentence imposed by the trial court.

{¶ 2} After careful review of the record and relevant case law, we affirm Reindl's sentence.

## I. Procedural and Factual History

{¶ 3} In January 2017, Reindl was named in a two-count indictment in Cuyahoga C.P. No. CR-16-612698-A, charging her with theft in violation of R.C. 2913.02(A)(3), with a furthermore clause that the victim of the offense was an elderly person or disabled adult and the value of the property or services stolen is $37,500 or more and less than $150,000; and telecommunications fraud in violation of R.C. 2913.05(A), with a furthermore clause that the value of the benefit obtained by the offender or of the detriment to the victim of the fraud is $7,500 or more but less than $150,000.

{¶ 4} In September 2017, Reindl pleaded guilty to theft as amended in Count 1 of the indictment and telecommunications fraud as charged in Count 2 of the indictment. In exchange for Reindl's plea, the furthermore clause containing the elderly victim specification in Count 1 was deleted. Reindl was sentenced to a five-year period of community control sanctions and was ordered to pay restitution to the victim in the amount of $96,916.04.

{¶ 5} In January 2020, Reindl was named in a one-count indictment in Cuyahoga C.P. No. CR-19-647147-A, charging her with drug possession in violation of R.C. 2925.11(A).

**{¶ 6}** In February 2020, Reindl was named in a four-count indictment in Cuyahoga C.P. No. CR-20-648297-A, charging her with two counts of having weapons while under disability in violation of R.C. 2923.13(A)(3), with forfeiture specifications; and single counts of obstructing official business in violation of R.C. 2921.31(A); and inducing panic in violation of R.C. 2917.31(A)(3).

**{¶ 7}** Following negotiations with the state, a joint plea hearing was held in March 2020. In Case No. CR-19-647147-A, Reindl pleaded guilty to drug possession as charged in the indictment. In Case No. CR-20-648297-A, Reindl pleaded guilty to obstructing official business and inducing panic as charged in Counts 3 and 4 of the indictment. The having weapons while under disability charges were dismissed.

**{¶ 8}** A joint sentencing hearing was held in June 2020. At the hearing, the court found Reindl to be in violation of her community control sanctions previously imposed in Case No. CR-16-612698-A. Accordingly, the court terminated Reindl's community control sanctions and imposed an 18-month prison term on each offense, to run concurrently to each other. In Case No. CR-19-647147-A, Reindl was sentenced to six months in prison on the single count of drug possession. In Case No. CR-20-648297-A, Reindl was sentenced to nine months in prison on each count, to run concurrently to each other. The six-month prison term imposed in Case No. CR-19-647147-A was ordered to run concurrently with the nine-month prison term imposed in Case No. CR-20-648297-A. However, the nine-month prison term was ordered to run consecutively to the 18-month prison term imposed in Case No. CR-16-612698-A, for a total sentence of 27 months in prison.

{¶ 9} Reindl now appeals from her aggregate sentence.

## II. Law and Analysis

{¶ 10} In her sole assignment of error, Reindl argues the trial court erred by imposing consecutive sentences pursuant to R.C. 2929.14(C)(4). Reindl contends the trial court's mere "perfunctory reading of the statute" was insufficient to overcome the statutory presumption of concurrent sentences. She further maintains that the court's findings "are not supported by the record as a whole."

{¶ 11} For felony sentences, an "appellate court's standard for review is not whether the sentencing court abused its discretion." R.C. 2953.08(G)(2). Instead, R.C. 2953.08(G)(2) provides that appellate courts "may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing" if the reviewing court "clearly and convincingly" finds that (a) "the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)]," or that (b) "the sentence is otherwise contrary to law."

{¶ 12} As the Ohio Supreme Court has explained, when reviewing consecutive sentences, "R.C. 2953.08(G)(2)(a) directs the appellate court 'to review the record, including the findings underlying the sentence' and to modify or vacate the sentence 'if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under'" R.C. 2929.14(C)(4); *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 28, quoting R.C. 2953.08(G)(2)(a).

{¶ 13} A defendant can challenge consecutive sentences on appeal in two ways. First, the defendant can argue that consecutive sentences are contrary to law because the court failed to make the necessary findings required by R.C. 2929.14(C)(4). *See* R.C. 2953.08(G)(2)(b); *State v. Nia*, 2014-Ohio-2527, 15 N.E.3d 892, ¶ 16 (8th Dist.). Second, the defendant can argue that the record does not support the court's findings made pursuant to R.C. 2929.14(C)(4). *See* R.C. 2953.08(G)(2)(a); *Nia* at ¶ 16.

{¶ 14} "In Ohio, sentences are presumed to run concurrent to one another unless the trial court makes the required findings under R.C. 2929.14(C)(4)." *State v. Gohagan*, 8th Dist. Cuyahoga No. 107948, 2019-Ohio-4070, ¶ 28. Trial courts must therefore engage in the three-tier analysis of R.C. 2929.14(C)(4) before imposing consecutive sentences. *Id.* First, the trial court must find that "consecutive service is necessary to protect the public from future crime or to punish the offender." Second, the trial court must find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id.* Third, the trial court must find that at least one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the

courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.*

{¶ 15} The failure to make the above findings renders the imposition of consecutive sentences contrary to law. *Gohagan* at ¶ 29. R.C. 2929.14(C)(4) directs that for each step of this analysis, the trial court must "find" the relevant sentencing factors before imposing consecutive sentences. R.C. 2929.14(C)(4). Trial courts, however, do not need to recite the statutory language word-for-word. *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 29. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* A trial court "has no obligation to state reasons to support its findings," but the necessary findings "must be found in the record and [] incorporated into the sentencing entry." *Id.* at ¶ 37.

{¶ 16} At the sentencing hearing held in this case, the trial court heard from defense counsel, who explained that the charges brought in Case Nos. CR-19-647147-A and CR-20-648297-A stemmed from Reindl's drug relapse. Reindl also spoke on her own behalf. She expressed remorse for her conduct and indicated that she was willing to participate in an intensive outpatient program to address her ongoing substance abuse issues. Reindl stated that the two months she spent in jail awaiting her plea hearing in her new cases had a great impact on her. She further

explained that her family relies significantly on her daily care due to her husband's impaired health and her son's behavioral issues.

{¶ 17} After imposing individual prison terms on each offense, the trial court made the following findings when imposing consecutive sentences:

> After consideration of the record and the oral statements made today, and in looking at the presentence investigation report, and the purposes and principles of felony sentencing under Ohio Revised Code Section 2929.11, the seriousness and recidivism factors relevant to the offense and offender pursuant to the Revised Code Section 2929.12, and the need for deterrence, incapacitation, rehabilitation, and restitution, Miss Reindl, I listened to everything that you had to say and your attorney had to say, but I still hadn't gotten beyond the fact that I did not send you to prison before and I gave you the opportunity to not — I gave you the opportunity to succeed. And the fact that you have picked up two new cases, not just one, gives me concern.
>
> * * *
>
> The court finds that consecutive sentences are necessary to protect the public from future crime or to punish the offender. That consecutive sentences are not disproportionate to the seriousness of the conduct and [do not] impose an unnecessary burden on the public.
>
> Additionally, the court finds that while the defendant was on community control in case number 612698, the defendant committed an additional crime in case number[s] 648297 and 647147.

(Tr. 102-105.)

{¶ 18} Based on the foregoing statements, we find the trial court made the necessary findings for imposing consecutive sentences pursuant to R.C. 2929.14(C)(4). Contrary to Reindl's position on appeal, the court was not required to support of its consecutive sentence findings with reasons or references to applicable sections of R.C. 2929.11 and 2929.12. Moreover, we cannot clearly and

convincingly conclude that the record does not support the trial court's R.C. 2929.14(C)(4) findings. In this case, the record reflects that Reindl engaged in conduct against an elderly victim, while in a position of trust, that resulted in significant financial injuries. Subsequently, while serving community control sanctions, Reindl began using illegal drugs and was arrested on two separate occasions. On the first occasion, Reindl was found in possession of cocaine and drug paraphernalia. On the latter occasion, Reindl attempted to evade her arrest by hiding inside an attic crawl space. She was not removed from the crawl space until a tactical team was called to the scene and made entry into the home. Reindl's conduct obstructed the responding officer's lawful duties and induced panic.

{¶ 19} Because the trial court made the requisite findings during the sentencing hearing under R.C. 2929.14(C)(4), incorporated the findings into its sentencing journal entry, and the findings are not clearly and convincingly unsupported by the record, the trial court did not err by imposing consecutive sentences.

{¶ 20} Finally, Reindl also appears to argue that the trial court's imposition of consecutive sentences was contrary to "the felony sentencing guidelines," R.C. 2929.11 and 2929.12. Reindl contends that by failing to adequately weigh the relevant mitigating factors, including her genuine remorse and the implications of her drug relapse, there is not "sufficient evidence that the trial court considered" the purposes and principles of felony sentencing.

{¶ 21} Pursuant to R.C. 2929.11(A), the three overriding purposes of felony sentencing are "to protect the public from future crime by the offender and others," "to punish the offender," and "to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden of state or local government resources." Additionally, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶ 22} Furthermore, in imposing a felony sentence, "the court shall consider the factors set forth in [R.C. 2929.12(B) and (C)] relating to the seriousness of the conduct [and] the factors provided in [R.C. 2929.12(D) and (E)] relating to the likelihood of the offender's recidivism * * *." R.C. 2929.12.

{¶ 23} A sentence is contrary to law if the sentence falls outside the statutory range for the particular degree of offense or the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11, and the seriousness and recidivism factors set forth in R.C. 2929.12. *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 10, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 13. Unlike R.C. 2929.14(C)(4), governing consecutive sentences, R.C. 2929.11 and 2929.12 are not fact-finding statutes. *State v. Wenmoth*, 8th Dist. Cuyahoga No. 103520, 2016-Ohio-5135, ¶ 16.

{¶ 24} Although the trial court must consider the principles and purposes of sentencing, as well as any mitigating factors, the court is not required to use particular language nor make specific findings on the record regarding its consideration of those factors. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31; *State v. Jones*, 8th Dist. Cuyahoga No. 99759, 2014-Ohio-29, ¶ 13. In fact, unless the defendant affirmatively shows otherwise, it is presumed that the trial court considered the relevant sentencing factors under R.C. 2929.11 and 2929.12. *State v. Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234, ¶ 11. This court has held that a trial court's statement in its sentencing journal entry that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under R.C. 2929.11 and 2929.12. *State v. Paulino*, 8th Dist. Cuyahoga No. 104198, 2017-Ohio-15, ¶ 37.

{¶ 25} On appeal, Reindl does not dispute that her sentences were within the permissible statutory ranges for her offenses and that the trial court expressly stated that it considered R.C. 2929.11 and 2929.12 in crafting her sentence. (Tr. 102-105.) Accordingly, we find Reindl's individual sentences are not contrary to law. To the extent Reindl argues the trial court's decision to impose consecutive sentences is inconsistent with the purposes and principles of felony sentencing, we note that the Ohio Supreme Court held that R.C. 2929.11 and 2929.12 apply only to individual sentences; while R.C. 2953.08(G)(2)(a) and 2929.14(C) set forth the exclusive means of appellate review of consecutive sentences. *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶ 16-17. As previously discussed, the

trial court complied with the requirements of R.C. 2929.14(C)(4) and made consecutive sentence findings that are not clearly and convincingly unsupported by the record. Although Reindl disputes the discretion exercised by the trial court in this case, we reiterate that "a sentence is not contrary to law merely because [a defendant] disagrees with the way in which the trial court weighed the R.C. 2929.11 and 2929.12 factors and applied these factors in crafting an appropriate sentence." *State v. Solomon*, 8th Dist. Cuyahoga No. 109535, 2021-Ohio-940, ¶ 115, citing *State v. Nelson*, 8th Dist. Cuyahoga No. 106858, 2019-Ohio-530, ¶ 25, citing *State v. Mock*, 8th Dist. Cuyahoga No. 105060, 2017-Ohio-8866, ¶ 21.

**{¶ 26}** Reindl's sole assignment of error is overruled.

**{¶ 27}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

MARY J. BOYLE, A.J., and
ANITA LASTER MAYS, J., CONCUR