[Cite as *State v. Collins*, 2021-Ohio-4133.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 110289 |
| v. | : | |
| JERRELL COLLINS, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 18, 2021

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-20-649787-A and CR-20-652049-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Nora Bryan, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Michael V. Wilhelm, Assistant Public Defender, *for appellant.*

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant, Jerrell Collins ("Collins"), appeals his consecutive prison sentence after entering guilty pleas in two separate cases. For the reasons set forth below, we affirm Collins' sentence.

## Procedural and Factual History

{¶ 2} On December 15, 202o, pursuant to an agreement with the state, Collins entered guilty pleas to amended indictments in two separate cases. In the first case, CR-20-649787, Collins entered guilty pleas to one count each of attempted felonious assault, disrupting public services, and domestic violence. In the second case, CR-20-652049, Collins entered guilty pleas to one count each of felonious assault and having weapons while under disability. As part of the plea agreement, Collins entered a guilty plea to a notice of prior conviction. The trial court referred Collins to the probation department for the preparation of a presentence investigation report.

{¶ 3} On January 14, 2021, Collins appeared for sentencing. At that time, the trial court sentenced Collins to concurrent prison terms of 36 months for attempted felonious assault, 18 months for disrupting public service, and six months for domestic violence in case CR-20-649787. In addition, the trial court sentenced Collins to concurrent prison terms of six years for felonious assault and 36 months for having weapons while under disability in case CR-20-652049. Further, the trial court ordered Collins to serve the sentences imposed in the two separate cases consecutive to each other for a total of nine years in prison.

{¶ 4} Collins now appeals and assigns the following sole error for review:

### Assignment of Error One

The trial court's consecutive sentencing of Mr. Collins was clearly and convincingly not supported by the record where the severity of Mr. Collins current charges and past charges do not require consecutive sentences.

## Law and Analysis

**{¶ 5}** In the sole assignment of error, Collins argues his sentence is contrary to law because the record does not support the imposition of a consecutive sentence.

**{¶ 6}** We review felony sentences under the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St. 3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or otherwise modify a sentence, or vacate a sentence and remand for resentencing if it "clearly and convincingly finds" that the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law.

**{¶ 7}** In Ohio, sentences are presumed to run concurrent to one another unless the trial court makes the required findings under R.C. 2929.14(C)(4). *State v. Reindl*, 8th Dist. Cuyahoga No. 109807, 2021-Ohio-2586, ¶ 14, citing *State v. Gohagan*, 8th Dist. Cuyahoga No. 107948, 2019-Ohio-4070, ¶ 28.

**{¶ 8}** R.C. 2929.14(C)(4), provides that the trial court can impose consecutive sentences if it finds that consecutive sentences are necessary to protect the public from future crime or to punish the offender, that such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public, and that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post release control for a prior offense.

(b)  At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)  The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.*

{¶ 9}  Collins can challenge the consecutive sentence in two ways.  First, he can argue that consecutive sentences are contrary to law because the court failed to make the necessary findings required by R.C. 2929.14(C)(4).  *State v. Wagner*, 8th Dist. Cuyahoga No. 109678, 2021-Ohio-3107, ¶ 9, citing *State v. Johnson*, 8th Dist. Cuyahoga No. 102449, 2016-Ohio-1536, ¶ 7; R.C. 2953.08(G)(2)(b); *State v. Nia*, 2014-Ohio-2527, 15 N.E.3d 892, ¶ 16 (8th Dist.).  Second, he can argue that the record does not support the findings made under R.C. 2929.14(C)(4).  *Id.*; R.C. 2953.08(G)(2)(a).  *Nia* at ¶ 16.

{¶ 10}  In this matter, Collins does not claim the trial court failed to make the statutorily mandated findings.  Rather, Collins claims the record does not support the findings.

{¶ 11}  In making the consecutive findings, a trial court is not required to give reasons supporting its decision to impose consecutive sentences.  *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 27.  Rather, "as long as the reviewing court can discern that the trial court engaged in the correct analysis and

can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

{¶ 12} Our review of the transcript indicates that the trial court engaged in the proper analysis, as required by R.C. 2929.14(C)(4), and the record contains evidence to support the trial court's findings.

{¶ 13} Initially, at the sentencing hearing, defense counsel advised the court that Collins understood that prison was mandatory because Collins had pleaded guilty to the notice of prior conviction. Defense counsel asked the trial court to consider imposing a minimum term or close to a minimum sentence as possible. In support of the request, defense counsel noted Collins' history of mental health and a diagnosis of post-traumatic stress disorder, having witnessed an older brother's murder in 2012.

{¶ 14} Defense counsel also noted Collins' history of substance abuse and indicated that fentanyl, cocaine, and marijuana abuse were major factors in the crimes committed in both cases. Speaking on his own behalf, Collins took full responsibility for his actions, expressed remorse, and stated: "that night I was on so many drugs and alcohol."

{¶ 15} The state emphasized Collins' prior history of violent acts and deferred to the court's discretion in imposing an appropriate sentence. The state highlighted that both cases involved shootings where, fortunately, nobody was killed. In the first case, on December 21, 2019, Collins entered the bedroom of his girlfriend, C.D., who was asleep, and fired a live round into the mattress next to

C.D.'s body. C.D. fled the home, with Collins in pursuit. Collins dragged C.D. back to the home, by her hair, while threatening C.D. with the gun and calling her a "retarded handicapped bitch."

{¶ 16} In the second case, on May 26, 2020, the victim, M.D., was exiting a Savemore Mart, when he observed Collins sitting in the back seat of a white GMC truck. At the time M.D. noticed that Collins was staring at him in a menacing manner. When M.D. inquired why Collins was looking at him so threateningly, Collins pointed a silver gun at him and stated: "get yo out of her." [Sic.] As M.D. turned to walk away, Collins discharged the firearm, striking M.D. in the heel. The white GMC then sped away.

{¶ 17} Prior to imposing sentence, the trial court referenced a letter from Collins' sister, written on behalf of the entire family, who stated that "[Collins'] criminal history was nothing to be proud of," but suggested Collins might benefit from drug treatment. The trial court followed by stating:

> This history, omitting the Juvenile Court cases, which were numerous and quite violent in their form as well, I don't see any time when the actions by this defendant were changed even though he did receive some treatment. He said he did engage in certain program. It doesn't appear that he learned anything from them.
>
> * * *
>
> He has numerous burglary cases, kidnapping, felonious assault, guns, having weapons while under disability, drug trafficking. I am going to pass over the traffic offenses. Felonious assault, the domestic violence, felonious assault that is in front of this court.

{¶ 18} After detailing the litany of offenses in Collins' criminal history, the trial court made the findings that it was imposing consecutive sentences "to protect

the public from future crime, and that [consecutive sentences are] not disproportionate to the seriousness of [Collins'] conduct, and the danger [Collins poses] to the public through [his] numerous arrests." R.C. 2929.14(C)(4). The trial court also found that Collins was under a sanction for a prior offense when at least one of the cases was committed. In addition to making the finding under R.C. 2929.14(C)(4)(a), the trial court also found, pursuant to R.C. 2929.14(C)(4)(c), that consecutive sentences were necessary based on Collins' criminal history.

{¶ 19} For all the foregoing reasons, we find the trial court complied with the statute for imposing consecutive sentences and engaged in the proper analysis. Upon review, we find that the record clearly and convincingly supports the trial court's findings under R.C. 2929.14(C)(4). Therefore, we affirm the consecutive sentences imposed by the trial court.

{¶ 20} Accordingly, we overrule the sole assignment of error.

{¶ 21} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

SEAN C. GALLAGHER, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR