[Cite as *State v. McGlothin*, 2022-Ohio-940.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 109908 |
| v. | : | |
| EDWIN MCGLOTHIN, | : | |
| Defendant-Appellant. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 24, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-648040-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Amanda Hall, Assistant Prosecuting Attorney, *for appellee.*

Joseph V. Pagano, *for appellant.*

MARY EILEEN KILBANE, J.:

{¶ 1} Defendant-appellant Edwin McGlothin ("McGlothin") appeals from his sentence for felonious assault following a guilty plea. Specifically, McGlothin argues that his sentence is contrary to law because the record does not support the

length of his individual sentences and that his sentence is invalid because it was imposed under the Reagan Tokes Law and is therefore unconstitutional. For the following reasons, we affirm.

**Factual and Procedural History**

{¶ 2} On January 28, 2020, a Cuyahoga County Grand Jury indicted McGlothin on one count of attempted murder in violation of R.C. 2923.02 and R.C. 2903.02(A), one count of felonious assault in violation of R.C. 2903.11(A)(1), one count of felonious assault in violation of R.C. 2903.11(A)(2), one count of aggravated burglary in violation of R.C. 2911.11(A)(1), one count of aggravated burglary in violation of R.C. 2911.11(A)(2), one count of having weapons while under disability in violation of R.C. 2923.13(A)(2), and one count of assault in violation of R.C. 2903.13(A). The attempted murder, felonious assault, and aggravated burglary charges all carried one- and three-year firearm specifications, notice of prior convictions, and repeat violent offender specifications.

{¶ 3} The charges arose from an August 17, 2019 shooting. McGlothin forced his way into the home of victim Tonia Allen ("Allen"), his child's mother. McGlothin and victim John Dorsey ("Dorsey") began arguing and McGlothin ultimately shot Dorsey in the groin. Dorsey's son witnessed Dorsey run, bleeding, out into the street and calling for help. McGlothin then went upstairs and punched Allen in the face.

{¶ 4} McGlothin initially pleaded not guilty to these charges. On July 1, 2020, the prosecutor and McGlothin's counsel informed the court that they had

negotiated a plea deal. The prosecutor informed the court that McGlothin was agreeing to plead guilty to one count of felonious assault in violation of R.C. 2903.11(A)(2), amended to delete the notice of prior conviction and the repeat violent offender specification, and one count of having weapons while under disability in violation of R.C. 2923.13(A)(2), as indicted. All remaining counts and specifications would be dismissed. The court engaged in a Crim.R. 11 colloquy with McGlothin and accepted his guilty pleas. As part of the plea colloquy, the court informed McGlothin that the felonious assault charge was a qualifying offense under S.B. 201, the Reagan Tokes Law ("Reagan Tokes") and explained the implications of the law. The court referred McGlothin for a presentence investigation ("PSI").

{¶ 5} On July 22, 2020, the trial court held a sentencing hearing. The court stated that it had reviewed the PSI and a letter from McGlothin's sister. The court heard from the victim, the assistant prosecuting attorney, McGlothin's counsel, a close friend of McGlothin, and McGlothin. The assistant prosecuting attorney asked the court to impose a maximum consecutive sentence. The court sentenced McGlothin to one year on the firearm specification, to be served prior to and consecutive to six to nine years on the felonious assault. The court also sentenced McGlothin to 36 months, to run concurrent to the felonious assault sentence. The court waived fines and court costs.

{¶ 6} On August 24, 2020, McGlothin filed a notice of appeal. McGlothin presents two assignments of error for our review.

**Legal Analysis**

{¶ 7} In his first assignment of error, McGlothin argues that his sentence is contrary to law because the record does not support the length of the individual sentences.

{¶ 8} Here, McGlothin contends that the trial court did not adequately consider the factors set forth in R.C. 2929.11 and 2929.12. Specifically, he argues that the trial court did not adequately explain why the prison terms it imposed were necessary to protect the public or whether they were the minimum sanctions necessary to protect the public and punish McGlothin. While R.C. 2929.11 and 2929.12 require the court to consider certain factors in crafting felony sentences, the court is not required to make findings or give reasons supporting those factors when imposing a sentence. *State v. Riemer*, 8th Dist. Cuyahoga No. 110314, 2021-Ohio-4122, ¶ 17, citing *State v. Reindl*, 8th Dist. Cuyahoga Nos. 109806, 109807, and 109808, 2021-Ohio-2586, ¶ 24. Moreover, "a sentence is not contrary to law merely because the defendant disagrees with the way the trial court weighed and applied the R.C. 2929.11 and 2929.12 factors in fashioning an appropriate sentence." *Id.*

{¶ 9} Further, "R.C. 2953.08(G)(2)(a) permits an appellate court to modify or vacate a sentence if it clearly and convincingly finds that the 'record does not support the sentencing court's findings under' certain specified statutory provisions,'" namely, R.C. 2929.13(B) and (D), 2929.14(B)(2)(e) and (C)(4), and 2929.20(I). *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 28. R.C. 2929.11 and 2929.12 are not among the statutory provisions listed in R.C.

2953.08(G)(2)(a), and thus, this court cannot rely on R.C. 2929.11 and 2929.12 as a basis to modify or vacate a sentence. For these reasons, McGlothin's first assignment of error is overruled.

{¶ 10} In his second assignment of error, McGlothin argues that his sentence is invalid because it was imposed pursuant to Reagan Tokes, which violates the Ohio and the United States Constitutions. Specifically, McGlothin argues that the law violates the separation-of-powers doctrine, his due process rights, and his right to trial by jury. McGlothin's arguments are overruled pursuant to this court's en banc decision in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, which overruled the challenges presented in this appeal to the Reagan Tokes Law enacted through S.B. 201. Therefore, we find that McGlothin's sentence pursuant to Reagan Tokes was not a violation of his constitutional rights. McGlothin's second assignment of error is overruled.

{¶ 11} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

EILEEN A. GALLAGHER, P.J., and
LISA B. FORBES, J., CONCUR


N.B. Judge Mary Eileen Kilbane joined the dissenting opinion by Judge Lisa B. Forbes and the concurring in part and dissenting in part opinion by Judge Anita Laster Mays in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.

Judge Lisa B. Forbes is constrained to apply *Delvallie*. For a full explanation, *see State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470 (Forbes, J., dissenting).