[Cite as *State v. Diamond*, 2024-Ohio-473.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                :

    Plaintiff-Appellant/
    Cross-Appellee,             :      Nos. 112143, 112144, 112145 and
                                    112438

    v.                                       :

JAMES DIAMOND,                        :

    Defendant-Appellee/
    Cross-Appellant.              :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART; REVERSED
              IN PART; REMANDED IN PART
**RELEASED AND JOURNALIZED:** February 8, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-21-660040-A, CR-21-660391-A, CR-21-661467-A and
CR-21-662024-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Daniel T. Van and Gregory J. Ochocki,
Assistant Prosecuting Attorneys, *for appellant/cross-appellee.*

Kelley Ferraro, LLC and Carl W. Sullivan, *for appellee/cross-appellant.*

EILEEN A. GALLAGHER, P.J.:

{¶ 1} In this consolidated appeal, plaintiff-appellant/cross-appellee the state of Ohio appeals from the judgments of conviction entered against defendant-appellee/cross-appellant James Diamond, arguing that the trial court erred in failing to impose indefinite sentences on Diamond's felonious assault convictions in accordance with the Reagan Tokes Law. Diamond cross-appeals, arguing that his consecutive sentences should be vacated because certain of the trial court's consecutive-sentence findings were not supported by the record. For the reasons that follow, we reverse the trial court's judgments in CR-21-660040-A, CR-21-660391-A and CR-21-661467-A in part and remand those cases to the trial court for resentencing in accordance with the Reagan Tokes Law. We otherwise affirm the trial court's judgments.

**Factual Background and Procedural History**

{¶ 2} On September 19, 2022, the parties entered into a plea agreement in four cases: Cuyahoga C.P. No. CR-21-660040-A ("660040"), Cuyahoga C.P. No. CR-21-660391-A ("660391"), Cuyahoga C.P. No. CR-21-661467-A ("661467") and Cuyahoga C.P. No. CR-21-662024-A ("662024"). In 660040 and 661467, Diamond pled guilty to an amended count of felonious assault in violation of R.C. 2903.11(A)(2), a second-degree felony. In 660391, Diamond pled guilty to an amended count of felonious assault in violation of R.C. 2903.11(A)(1), a second-degree felony, with a three-year firearm specification. In 662024, Diamond pled

guilty to one count of having weapons while under disability in violation of R.C. 2923.13(A)(2), a third-degree felony. The offenses related to incidents that occurred from May 2, 2021, to May 26, 2021.

{¶ 3} On October 24, 2022, the trial court sentenced Diamond to an aggregate ten-year prison sentence. Finding the Reagan Tokes Law to be unconstitutional, over the state's objection, the trial court refused to apply it when sentencing Diamond. In 660040, the trial court sentenced Diamond to two years on the felonious assault count. In 660391, the trial court sentenced Diamond to three years on the three-year firearm specification to be served consecutively to five years on the underlying felonious assault charge. In 661467, the trial court sentenced Diamond to two years on the felonious assault count, and in 662024, the trial court sentenced Diamond to one year on the having weapons while under disability count. The trial ordered that the eight-year sentence in 660391 be served concurrently with the two-year sentence in 660040 and the one-year sentence in 662024 but consecutively to the two-year sentence in 661467.

{¶ 4} In support of its imposition of consecutive sentences, the trial court made the following findings at the sentencing hearing:

> [A]ll of these cases happened in one month time. The felonious assault, with the guy from the bar [661467] that happened May 2nd, 2021. On May 21st, two events that happened, one was the weapons under disability [662024] * * * as well as the going into the individual's home, robbing and then shooting that individual [660391]. * * * The final case happened on May 26th, 2021, that was the felonious assault, where the defendant took his car and rammed it against a police car [660040].

So the question is should these be run consecutive? It is clear that basis for consecutive sentences are met here. There's no question about it. The defendant was on parole at the time of all of the offenses. So let me just make the following findings: * * * [T]he Court finds that a consecutive sentence is necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and to the danger the defendant poses to the public. And additionally, the Court finds that at the time of committing of these offenses, the defendant was on post-release control.

{¶ 5} The trial court incorporated these findings into its judgment entries in 660391 and 661467.

{¶ 6} The state filed notices of appeal, appealing the trial court's judgments of conviction in 660040, 660391 and 661467. This court, sua sponte, consolidated the state's appeals for briefing, hearing and disposition. The state raises the following sole assignment of error for review:

The trial court plainly erred when [it] did not impose an indefinite sentence pursuant to S.B. 201.

{¶ 7} On March 1, 2023, this court granted Diamond's motion for a delayed appeal in 660040, 660391, 661467 and 662024. After briefing, this court, sua sponte, consolidated Diamond's appeal (appeal No. 112438) with the state's appeals (appeal Nos. 112143, 112144 and 112145) for disposition. Diamond raises the following sole assignment of error for review:

The trial court's findings that the seriousness of appellant's conduct and the danger that he poses to the community warrant consecutive sentences for a total of ten years in prison are not clearly and convincingly supported by the record.

**Law and Analysis**

**Failure to Impose Indefinite Sentences under the Reagan Tokes Law**

{¶ 8}   R.C. 2953.08(B)(2) provides the state the right to appeal a sentence if it is contrary to law.  Under R.C. 2953.08(G)(2), an appellate court may increase, reduce or otherwise modify a sentence or vacate a sentence and remand for resentencing if it "clearly and convincingly" finds that (1) the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e), or (C)(4) or 2929.20(I) or (2) the sentence is "otherwise contrary to law."

{¶ 9}   A sentence that fails to impose a mandatory provision is contrary to law.  *State v. McCalpine*, 8th Dist. Cuyahoga No. 110665, 2022-Ohio-842, ¶ 4, citing *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 21.

{¶ 10}   Under the Reagan Tokes Law, S.B. 201, qualifying first-and second-degree felonies committed on or after March 22, 2019 are subject to the imposition of indefinite sentences.  Trial courts imposing prison terms on qualifying offenses are required to impose a stated minimum prison term, as provided in R.C. 2929.14(A)(2)(a), and an accompanying maximum prison term, as provided in R.C. 2929.144(B).  *McCalpine* at ¶ 5.

{¶ 11}   In 660040, 660391 and 661467, Diamond pled guilty to charges of felonious assault in violation of R.C. 2911.12(A)(1) and (2), second-degree felonies

that were committed after March 22, 2019 and subject to the Reagan Tokes Law. The state contends that the trial court erred in failing to impose indefinite sentences on these qualifying second-degree felonies under the Reagan Tokes Law and that the sentences on these counts should, therefore, be reversed.

{¶ 12} Diamond argues that we should affirm the trial court's judgments in 660040, 660391 and 661467 because the Reagan Tokes Law is unconstitutional. He contends that the Reagan Tokes Law violates his constitutional right to a jury trial, his right to due process and the separation-of-powers doctrine. In *State v. Hacker*, Slip Opinion No. 2023-Ohio-2535, the Ohio Supreme Court addressed the constitutionality of the Reagan Tokes Law. The court rejected the appellants' claims that the provisions of Reagan Tokes Law that allow the Ohio Department of Rehabilitation and Correction to maintain an offender's incarceration beyond the minimum prison term imposed by a trial court violated the separation-of-powers doctrine, the right to a jury trial or procedural due process. *Id*. at ¶ 1, 12-41. Diamond's arguments in this case do not present novel issues or any new theory challenging the constitutional validity of any aspect of the Reagan Tokes Law left unaddressed by the Ohio Supreme Court's decision in *Hacker*; *see also State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.) (en banc). Accordingly, we reject Diamond's constitutional challenges.

{¶ 13} Because the trial court failed to impose indefinite sentences on Diamond's felonious assault convictions as required by the Reagan Tokes Law, these sentences are contrary to law. The state's assignment of error is sustained. We

reverse the trial court's judgments in 660040, 660391 and 661467 in part and remand those cases for resentencing in accordance with the Reagan Tokes Law.

**Imposition of Consecutive Sentences**

{¶ 14} Under Ohio law, sentences are presumed to run concurrently unless the trial court makes the required findings set forth in R.C. 2929.14(C)(4). *State v. Reindl*, 8th Dist. Cuyahoga Nos. 109806, 109807 and 109808, 2021-Ohio-2586, ¶ 14; *State v. Gohagan*, 8th Dist. Cuyahoga No. 107948, 2019-Ohio-4070, ¶ 28. To impose consecutive sentences, the trial court must find that (1) consecutive sentences are "necessary to protect the public from future crime or to punish the offender," (2) "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public" and (3) at least one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶ 15} The trial court must make each finding required under R.C. 2929.14(C)(4) at the sentencing hearing and then incorporate those findings into its sentencing journal entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus.

{¶ 16} A defendant can challenge consecutive sentences on appeal in two ways. First, the defendant can argue that consecutive sentences are contrary to law because the court failed to make the findings required by R.C. 2929.14(C)(4). *See* R.C. 2953.08(G)(2)(b); *Reindl* at ¶ 13. Second, the defendant can argue that the record "clearly and convincingly" does not support the court's findings made pursuant to R.C. 2929.14(C)(4). *See* R.C. 2953.08(G)(2)(a); *Reindl* at ¶ 13. A matter is "clear and convincing" if it "produce[s] in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 17} In this case, Diamond concedes that the trial court made all of the required findings under R.C. 2929.14(C)(4). He argues that his convictions should, nevertheless, be vacated because the trial court's findings "are not clearly and convincingly supported by the record."

{¶ 18} As an initial matter, it is important to note that the clear and convincing standard set forth in R.C. 2953.08(G)(2) is written in the negative. It does not say that the trial court must have clear and convincing evidence to support its findings. It states that an appellate court may increase, reduce or otherwise modify a sentence or vacate a sentence and remand for resentencing if it "clearly and

convincingly" finds that the record does not support the trial court's findings under R.C. 2929.14(C)(4). Accordingly, the issue on appeal is not whether the trial court's consecutive-sentence findings are clearly and convincingly supported by the record, as Diamond contends, but rather, whether the record clearly and convincingly does not support one or more of the trial court's consecutive-sentence findings.

{¶ 19} Further, although Diamond asserts in his assignment of error that it is the trial court's finding regarding the "seriousness of appellant's conduct and the danger that he poses to the community" that is not adequately supported by the record, Diamond makes no mention of the evidence supporting (or allegedly failing to support) that finding in his argument in support of that assignment of error. Instead, he asserts that (1) the trial court made a finding under R.C. 2929.14(C)(4)(b), i.e., that "[a]t least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct," and (2) Diamond "couldn't have been said to be committing a course of conduct when the crime he was given consecutive sentences on were just multiple offenses."

{¶ 20} The trial court did not, however, make a finding under R.C. 2929.14(C)(4)(b). It made a finding under R.C. 2929.14(C)(4)(a), i.e., that Diamond committed the offenses at issue while he was under postrelease control for a prior offense — a fact Diamond does not dispute. Accordingly, we could simply disregard

Diamond's assignment of error. *See* App.R. 12(A)(2) ("The court may disregard an assignment of error presented for review if the party raising it * * * fails to argue the assignment separately in the brief, as required under App.R. 16(A)"); App.R. 16(A)(7) ("The appellant shall include in its brief * * * [a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies.").

{¶ 21} Even if we were to consider Diamond's assignment of error as stated, i.e., that the trial court's finding regarding the "seriousness of appellant's conduct and the danger that he poses to the community" was not adequately supported by the record, we would find no error here. Following a thorough review of the record, we cannot say that the record clearly and convincingly does not support the trial court's findings in support of the imposition of consecutive sentences.

{¶ 22} As Diamond's counsel acknowledged at the sentencing hearing, Diamond had already been to prison six times, i.e., "in and out" of prison for multiple offenses since 2004, prior to the commission of the crimes at issue. The state documented his lengthy, and sometimes violent, criminal history in its sentencing memorandum. The crimes here were serious, violent offenses against strangers and included the use of firearms Diamond was not permitted to possess due to prior felony convictions.

{¶ 23} 661467 involved a verbal altercation between Diamond and another male at a bar that resulted in Diamond firing into a crowd (but not striking anyone).

Although Diamond claimed to have acted in self-defense, multiple witnesses told police that Diamond had brandished a firearm while inside the bar and threatened to shoot the man.

{¶ 24} 660391 involved an incident in which Diamond and another male robbed a victim at his home, when his children and others were present. After the victim was robbed, Diamond pushed him to the ground in his living room and shot downward at him. As a result of the incident, the victim sustained serious injuries to his leg.

{¶ 25} In 660040, when police attempted to detain Diamond in a parking lot, Diamond rammed a police car with his vehicle in an attempt to avoid arrest and flee.

{¶ 26} The trial court explained its concern regarding the seriousness of Diamond's conduct and the threat Diamond posed to the "regular public" as follows:

> The cases that concern me most are the cases where the victims you don't know. Case 661467, is the one where there was an argument in a bar, and it is alleged that the victim left out the back door and that you followed him then shot at him. That bothers me, because you don't know him. It's one thing when people know each other, and they get into some sort of scuffle of some sort, and their tempers rage, but when you pursue someone who you don't even know, again, that bothers me.
>
> The other thing that bothered me was Case No. 660391. Now, according to what I read, and I'm not saying that I know your version, but from what I read, it was provided to me the victim indicated he was just on the porch playing video games, an enclosed porch playing video games, and that you and another person came up to the door and you said something he couldn't really hear, so he opened the door, and you guys robbed him and then shot him. He didn't know you; you didn't know him. * * * But it bothered me that you didn't know that person, and that there was a crime committed on that person's property where

it ended, not only was he robbed, but he was then shot. Didn't die, thank God, but he was shot.

* * *

I am concerned at the amount of — I don't know, for lack of a better — just violence. And I know that you're speaking here that, oh, people, I'm the victim. I'm the victim. These things are happening to me. And that may be true, in reality. But on paper it really looks bad. It looks really, really bad. * * *

I find that to the regular public, that you are a menace; that you are somebody who [sic] the things that you are doing in public — you shouldn't be doing all of this. You shouldn't be doing this.

{¶ 27} After a thorough review of the record, we are not left with the "firm belief or conviction" that the consecutive sentences the trial court imposed were disproportionate to the seriousness of Diamond's conduct and the danger he poses to the public. R.C. 2953.08(G)(2); *Cross*, 161 Ohio St. 469, 120 N.E.2d 118, at paragraph three of the syllabus.

{¶ 28} Accordingly, Diamond's assignment of error is overruled.

{¶ 29} Judgment affirmed in part; reversed in part; 660040, 660391 and 661467 remanded for resentencing in accordance with the Reagan Tokes Law.

It is ordered that appellant/cross-appellee recover from appellee/cross-appellant the costs herein taxed.

The court finds that there were reasonable grounds for these appeals.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
MARY J. BOYLE, J., CONCUR