[Cite as *State v. Worley*, 2023-Ohio-530.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                            No. 111648

    v.                                    :

GREGORY WORLEY,                     :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 23, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-18-635170-A, CR-21-661841-A, CR-21-665432-A, and
CR-21-665627-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Mary C. Weston, Assistant Prosecuting
Attorney, *for appellee.*

Flowers & Grube, Louis E. Grube and Melissa A. Ghrist,
*for appellant.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Defendant-appellant Gregory Worley appeals the consecutive sentences the trial court imposed on him in two criminal cases, resulting in an aggregate 11.5-year prison sentence. Worley contends that the sentences were

disproportionate to the danger he poses to the public. For the reasons that follow, we affirm.

## I. Factual Background and Procedural History

{¶ 2} Prior to the four cases at issue in this appeal, Worley was convicted in 2008 of committing sexual battery against a 70-year-old woman in 2004 and raping a 40-year-old woman in 2005. Both victims were strangers to Worley. He served an aggregate sentence of 13 years in prison on those convictions.[1]

{¶ 3} While serving that sentence, Worley participated in sexual-offender treatment and substance-abuse treatment. He worked and took college courses. He completed programs that taught money management and anger management; he took job-training classes in areas such as administrative office technology, masonry and graphic design.

{¶ 4} On August 6, 2020, a Cuyahoga County Grand Jury indicted Worley for, among other things, rape in violation of R.C. 2907.02(A)(2) with a sexually violent predator specification pursuant to R.C. 2941.148(A). Worley ultimately pleaded guilty to rape, a first-degree felony, and the state dismissed the specification and the remaining counts in the indictment.[2] This conviction stems from the 2006 assault of a 54-year-old woman while she was walking in public. The state related

---

[1] Cuyahoga C.P. No. CR-08-512106. According to the state, Worley also had prior convictions for drug, weapons and violent offenses in several other cases dating back to a 1996 case. The trial court did not refer to these other prior convictions at the sentencing hearing or in its sentencing journal entries but they are referenced in the presentence-investigation report.

[2] Cuyahoga C.P. No. CR-18-635170-A.

that the victim was "walking from her home to the closest gas station to get cigarettes for her husband" when she was attacked. The state described the assault as follows:

> She was approached by a stranger who was riding his bike and he asked her a question that seemed to be innocuous kind of, like, what time is it or something like this. She thought nothing of it. He got off the bike. He dragged her between two homes. * * * She told police and hospital personnel that the stranger punched her in the jaw and raped her anally.

{¶ 5} At sentencing, the victim stated that Worley "almost broke my arm and he punched me in the jaw real hard." She said that "he grabbed me and pulled my hair, too."

{¶ 6} The state explained that evidence samples collected from the victim in 2006 did not reveal the presence of semen and the samples were not forwarded for DNA testing at that time. The state retested the evidence in 2018 — this time for DNA — and found male DNA on the victim's underwear that matched Worley's DNA. The upshot of this timing is that Worley was released from his 13-year prison sentence for the 2004–2005 assaults in 2020 and went directly back into custody for the 2006 assault.

{¶ 7} Worley was released on bond for the 2006 rape case in October 2020. While on bond, Worley committed a felony and two misdemeanor offenses.

{¶ 8} On December 28, 2021, a Cuyahoga County Grand Jury indicted Worley for, among other things, a felonious assault that occurred on or about May 20, 2021. Worley pleaded guilty to attempted felonious assault, a third-degree

felony.[3] At the sentencing hearing, the trial court summarized the offense as follows, in relevant part, after reading the presentence-investigation report:

> The victim [Worley's romantic partner] stated that she and Mr. Worley were arguing and Mr. Worley started punching her in the face and aggressively pulling her hair.

{¶ 9} On August 5, 2021, a Cuyahoga County Grand Jury indicted Worley for various drug offenses and endangering children, acts that occurred on or about July 13, 2021. Worley pleaded guilty to endangering children and attempted drug possession, both first-degree misdemeanors, with forfeiture and juvenile specifications, carrying a maximum jail term of 180 days each.[4] The state dismissed the remaining counts in the indictment.

{¶ 10} In August 2021, Worley failed to appear in court for his trial in the rape case and a capias was issued for his arrest. After failing to appear, Worley committed another felony.

{¶ 11} On December 15, 2021, a Cuyahoga County Grand Jury indicted Worley for failure to verify his address on or about September 24, 2021, as required after his 2008 rape conviction. Worley pleaded guilty to attempted failure to verify his address, a felony of the fourth degree under R.C. 2923.02 and 2950.06.[5]

{¶ 12} Worley was taken into custody again around November 29, 2021.

---

[3] Cuyahoga C.P. No. CR-21-665627-A.

[4] Cuyahoga C.P. No. CR-21-661841-A.

[5] Cuyahoga C.P. No. CR-21-665432-A.

{¶ 13} As of spring 2022, Worley had four pending criminal cases:  (1) the 2006 rape case, (2) the failure-to-verify-address case, (3) the felonious assault case and (4) the drug possession and child endangering case.  The trial court accepted Worley's guilty pleas in each of these four cases, as identified in the paragraphs above, on April 13, 2022.  The court ordered a presentence-investigation report and a mitigation-of-penalty report.

{¶ 14} On May 17, 2022, the trial court held a hearing in which it sentenced Worley in each of these four cases.  The state, defense counsel, the victim of the 2006 rape offense and Worley each addressed the trial court.

{¶ 15} Worley apologized to the rape victim "and her family and anybody I have negatively affected in these series of events."  He also apologized to his own family, to "those closest to me" and to the trial court.  He described the efforts he made in prison to rehabilitate himself, which are summarized above at paragraph 3. He admitted to having poor mental health and expressed a desire to continue with therapy.

{¶ 16} As to why he did not appear for trial, Worley explained that he "was overwhelmed, anxious, bewildered, confused, discouraged[;] [s]imply put, I was scared."  Worley stated that while serving his 13-year prison sentence, he experienced traumas including seeing an inmate commit suicide, seeing an inmate beaten to death, being attacked himself and being threatened with "shanks."  He said that these events created a "mental barrier" that prevented him from turning himself in.

{¶ 17} Worley also described his disappointment at the timing of the criminal investigation leading to the 2006 rape case:

> Imagine how I felt two days — no — 48 hours from being released on a 13-year-long prison stay. I was picked up by the sheriff and returned to county jail. 13 years of hope and waiting for my freedom ended just like that. Emotionally I was dead on the inside and many days I found myself wishing the same fate for my life. * * * Which to make it worse, the detectives knew through my DNA in 2018, two prior years to me being released. * * * What a cruel thing to do to a person. First rehabilitate me, give me an out date, and with 48 hours to go, they snatch it all away. Thank God my sister was blessed in bonding me out. I came home and put my rehabilitation to use. * * *

> In 2020, I was welcomed home with an indictment for 2006. Now I'm more confused than ever. * * * I tell myself there is no justice. The detective deliberately waited two days before my release. They wanted to break me. There's no point in freedom. There's no point in life. There's no point in my existence. It must all be an illusion. * * * [H]ere I am 15 years later dealing with a case from 2006. I'm sure if it was heard two years before my release things might have been different.

{¶ 18} The trial court then pronounced its sentences. The court addressed Worley as follows:

> Mr. Worley's past is significant. It is clear that he is a serial rapist. He has two other victims that he has a combined sentence of 13 years on. One victim was 70 at the time and the other was 40. He did 13 years on those cases, got out, and was indicted for this rape case. We're here to sentence him on the rape case and in three other cases that arose since his release from the institution. * * *

> It's clear that despite Mr. Worley's words, he has not been rehabilitated and that, frankly, given his violent history, he should forfeit his right to walk free amongst other law-abiding people. Mr. Worley, I listened to your words of self pity and I find them to be hollow.

{¶ 19} The court sentenced Worley to ten years in prison on the rape conviction. The court sentenced Worley to 18 months in prison for attempted failure to report to be served consecutively to the sentence on the rape conviction.

Regarding these consecutive sentences, the court made the following findings at the hearing:

> I find that the crimes were committed while you were under post-release control for your prior rape case and I also find that your criminal history shows consecutive terms are needed to protect the public.
>
> I find that consecutive time is necessary to protect the public from a serial rapist and a 11-and-a-half-years total sentence is not disproportionate to the amount of harm in this failure to verify. * * *
>
> Just so we're clear on the findings for consecutive sentences, the attempted verification of current residence address case was committed while he was on post-release control.

{¶ 20} The trial court sentenced Worley to 180 days in county jail on the two misdemeanor convictions and 36 months in prison for the attempted felonious assault conviction. These sentences were run concurrently to each other and to the sentences imposed on the rape and failure-to-verify-address convictions. Taken together, the trial court imposed an aggregate sentence of 11.5 years in prison for the convictions in these four cases.[6]

---

[6] While not the subject of this appeal, we note that the state related during the change-of-plea hearing that Worley would agree to be classified as a sexual predator under Megan's Law as a result of the rape conviction in Case No. CR-18-635170-A. The trial court's journal entry from the change-of-plea hearing in that case notes that "sexual predator (Megan's Law) duties of registration requirements to be outline[d] on the record and open court at the time of sentencing." Nevertheless, the trial court stated the following at the sentencing hearing:

> The rape case dates prior to 2008 and as such, he will be classified — I think there was an agreement that he be classified as a sexual predator pursuant to the Adam Walsh Act, which was in effect at the time of the offense in case 635170.

The trial court's sentencing journal entry in Case No. CR-18-635170-A does not reference sexual-predator classification and no party has raised an error in this appeal regarding the trial court's classification of Worley.

{¶ 21} The trial court published journal entries setting forth these sentences. With regard to the consecutive sentences, the trial court's journal entry reads, in relevant part, as follows:

> The court imposes prison terms consecutively finding that consecutive service of the prison term is necessary to protect the public from future crime or to punish [the] defendant; that the consecutive sentences are not disproportionate to the seriousness of [the] defendant's conduct and to the danger defendant poses to the public; and that[] the defendant committed one or more of the multiple offenses while the defendant was awaiting trial or sentencing or was under a community control or was under post-release control for a prior offense.

{¶ 22} Worley appealed, raising the following assignment of error for review:

> The trial court committed plain error by imposing consecutive sentences that are clearly and convincingly not supported by the record.

{¶ 23} Worley's pro se notice of appeal lists all four criminal cases in which the trial court imposed sentence on May 17, 2022 but his appellate counsel clarified that he is only challenging the consecutive sentences imposed on the rape and failure-to-verify-address convictions.[7]

## II. Law and Analysis

### A. Standard of Review Under R.C. 2953.08(G)(2)

{¶ 24} We review felony sentences under the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59

---

[7] After filing the notices of appeal in these four cases, Worley moved to withdraw his guilty pleas in each case. The trial court denied his motion and Worley appealed that denial pro se. Our court dismissed the appeal sua sponte for failure to file a timely notice of appeal. *State v. Worley*, 8th Dist. Cuyahoga No. 111956, motion No. 558513 (Sept. 30, 2022).

N.E.3d 1231, ¶ 21. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce or otherwise modify a sentence or vacate a sentence and remand for resentencing if it "clearly and convincingly" finds that (1) the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4) or 2929.20(I) or (2) the sentence is "otherwise contrary to law." "'Clear and convincing evidence is that measure or degree of proof * * * which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *State v. Franklin*, 8th Dist. Cuyahoga No. 107482, 2019-Ohio-3760, ¶ 29, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 25} Worley asks us to modify his sentence because the trial court's findings are not supported by record; he does not argue that his sentence is "otherwise contrary to law."

### B. Standard of Review for These Consecutive Sentences

{¶ 26} Under Ohio law, sentences are presumed to run concurrently unless the trial court makes the required findings set forth in R.C. 2929.14(C)(4). *State v. Reindl*, 8th Dist. Cuyahoga Nos. 109806, 109807 and 109808, 2021-Ohio-2586, ¶ 14; *State v. Gohagan*, 8th Dist. Cuyahoga No. 107948, 2019-Ohio-4070, ¶ 28. To impose consecutive sentences, the trial court must find that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of

the offender's conduct and to the danger the offender poses to the public and (3) at least one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶ 27} Thus, a defendant can challenge consecutive sentences on appeal in two ways. First, the defendant can argue that consecutive sentences are contrary to law because the court failed to make the findings required by R.C. 2929.14(C)(4). *See* R.C. 2953.08(G)(2)(b); *Reindl* at ¶ 13; *State v. Nia*, 2014-Ohio-2527, 15 N.E.3d 892, ¶ 16 (8th Dist.). Second, the defendant can argue that the record "clearly and convincingly" does not support the court's findings made pursuant to R.C. 2929.14(C)(4). *See* R.C. 2953.08(G)(2)(a); *Reindl* at ¶ 13.

{¶ 28} Here, Worley makes the latter argument. He concedes that the trial court made the required findings under R.C. 2929.14(C)(4) but argues that the record clearly and convincingly does not support the trial court's finding that

"consecutive sentences are not disproportionate * * * to the danger [Worley] poses to the public."

{¶ 29} In addressing this assignment of error, we would ordinarily "review the record de novo and decide whether the record clearly and convincingly does not support the consecutive-sentence findings." *See State v. Gwynne*, Slip Opinion No. 2022-Ohio-4607, ¶ 1. However, because Worley did not object to the imposition of consecutive sentences before the trial court, we review his sentences only for plain error. *See, e.g., State v. Ayers*, 10th Dist. Franklin No. 13AP-371, 2014-Ohio-276, ¶ 7.

{¶ 30} Crim.R. 52(B) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." An appellate court notices plain error "'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002), quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus. Plain error "must be an 'obvious' defect in the trial proceedings" and we will not find plain error unless, but for the error, the outcome would have been different. *Barnes* at 27; *Long* at paragraph two of the syllabus; *State v. Gardner*, 118 Ohio St.3d 420, 2008-Ohio-2787, 889 N.E.2d 995, ¶ 78. "The burden of demonstrating plain error is on the party asserting it." *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 17.

{¶ 31} Worley asks us to modify his sentence "to require concurrent prison terms." If we did so, it would have the effect of reducing Worley's aggregate sentence by 18 months.

**C. Analysis**

{¶ 32} Worley argues that several facts support his argument that these consecutive sentences are clearly and convincingly disproportionate to the danger he poses to the public. The state responds that the record supports consecutive sentences.

{¶ 33} First, Worley points out that the state agreed to dismiss the sexually violent predator specification as part of the plea deal in the 2006 rape case. In other words, the state voluntarily dismissed its charge that Worley is "likely to engage in the future in one or more sexually violent offenses." *See* R.C. 2971.01(H)(1). Worley argues that "[h]ad the State really believed" that Worley was likely to commit more sexually violent crimes, "it would have simply proceeded to trial on the sexually violent predator specification." The state responds by pointing out that Worley agreed, as part of the plea agreement, that the court would classify him as a sexual predator. The state says this classification supports the conclusion that Worley is a danger to the community.

{¶ 34} Second, Worley argues that he has not committed a sex offense in around 16 years. While he admits that he committed three sex offenses between 2004 and 2006, he credits a "transformative and productive thirteen-year prison term" with changing him. Specifically, he points to evidence showing that he

participated in sexual-offender and substance-abuse treatment in prison; took advantage of programs about money management, anger management and advanced job training; took classes pertaining to administrative office technology, masonry and graphic design and took college classes. He points out that he is now "halfway to an 'Associate's degree.'" He also points out that he "worked in dozens of positions with the Ohio Department of Rehabilitation and Corrections." The state responds that Worley, after his release from prison allegedly rehabilitated, "went capias and brought back three fresh felony cases with him, including an additional crime of violence."

{¶ 35} Third, Worley argues that the court-ordered presentence assessments scored his risk of recidivism based on "Criminal Attitudes" and "Behavioral Patterns" as low. Moreover, the assessors specifically did not consider or render an opinion about Worley's risk for sexual-offense recidivism. The state argues that the presentence-investigation report concluded that Worley was overall a "High Risk" for recidivism. Worley responds that this conclusion was based on a single "High Risk" rating in one assessed category — "Education/Employment/Finance."

{¶ 36} "Whatever risks Defendant Worley may have presented to the public in 2006," his appellate counsel says, "[t]he record clearly and convincingly reflects that Worley has changed * * * and consecutive service of prison terms is thus disproportionate to the risks he now poses to the public."

{¶ 37} After a thorough review of the record, we are not left with the "firm belief or conviction" that the consecutive sentences the trial court imposed are disproportionate to the danger Worley poses to the public.

{¶ 38} It is true that Worley took advantage of treatment, classes and other programming while serving a 13-year prison sentence for the 2004 sexual battery and the 2005 rape. He worked while incarcerated and secured employment when he was released from prison. These actions are laudable and we look favorably upon them. But since his release from prison, Worley has given the trial court — and us — significant reason to doubt that these actions sufficiently mitigated the danger Worley poses to the public.

{¶ 39} While Worley claims that he is not a "serial rapist," the record shows that he sexually assaulted three women between 2004 and 2006; each victim was a stranger to him. He touts the fact that he has not committed a sex offense in over 16 years but, for most of that time, he was incarcerated. Whatever the extent of Worley's regret for these offenses (he briefly apologized in general terms to the victim of the 2006 rape during his sentencing allocution), his attempt to avoid verifying his address as required as a result of those offenses clearly undermined the public-safety goals of the sex offender registration statutes. *See State v. Blankenship*, 145 Ohio St.3d 221, 2015-Ohio-4624, 48 N.E.3d 516, ¶ 36 ("The General Assembly has seen fit to impose registration sanctions in cases involving sex offenses to protect the public."); *State v. Ritchey*, 2016-Ohio-2878, 64 N.E.3d 599, ¶ 32 (3d Dist.) ("Having sex offenders register with their local sheriff's office and

having their information being of public record is related to the overall goal of protecting the public by keeping the public informed of the whereabouts of convicted sex offenders.").

{¶ 40} The context of Worley's attempt to avoid verifying his address adds to our concern about the public's safety in his particular case. Worley tried to avoid verifying his address after he failed to appear for his rape trial. In other words, he undermined the public-safety goals of address verification while attempting to avoid the consequences of a violent sexual offense he committed.

{¶ 41} Looking to Worley's other actions since his release from prison only increases our concern for the public's safety. Worley committed two misdemeanor offenses, including endangering children. Perhaps more concerningly, Worley attempted to commit a felonious assault. Not only did this assault target a woman, just as Worley did three times between 2004 and 2006, but the assault displayed a flash of the same violence that characterized the 2006 rape. In 2006, Worley punched a woman in the jaw, pulled her hair and raped her. In 2021, while under indictment for that offense, Worley punched his girlfriend in the face and pulled her hair during an argument.

{¶ 42} Additionally, that Worley failed to verify his address while he was on postrelease control and committed an additional felony and two misdemeanors while he was on bond show a disregard for the law and the courts and a lack of appreciation for the seriousness of his criminal offenses. Finally, Worley's allocution at sentencing, which largely focused on his belief that it was unfair to him

that law enforcement did not prosecute him sooner for the 2006 rape, displayed a lack of perspective and a coldness to the suffering of his victims.

{¶ 43} We have thoroughly reviewed the record and considered whether it clearly and convincingly does not support the trial court's finding that these consecutive sentences and an aggregate 11.5-year sentence are not disproportionate to the danger Worley poses to the public. The appellant does not challenge any of the other necessity or proportionality findings. After our review, we do not have the firm conviction or belief that the record does not support the trial court's finding in light of the consecutive terms imposed and the resulting aggregate sentence. We find no error, let alone plain error, in the sentences.

{¶ 44} We, therefore, overrule Worley's assignment of error.

## III. Conclusion

{¶ 45} Having overruled Worley's sole assignment of error for the reasons stated above, we affirm.

It is ordered that the appellee recover from the appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
LISA B. FORBES, J., CONCUR